**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**USAA INVESTMENT**
**MANAGEMENT COMPANY,**

|  |  |
|---|---|
| **Plaintiff/** | **1:13-cv-911** |
| **Third-Party** | **(GLS/RFT)** |
| **Defendant,** | |

**v.**

**JOHN CONNELL,**

**Defendant/**
**Third-Party**
**Defendant,**

**v.**

**JANICE CONNELL,**

**Defendant/**
**Cross/**
**Counter**
**Claimant.**

_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
The Law Office of Steven D. Greenblatt    STEVEN D. GREENBLATT,
480 Broadway                                           ESQ.
Suite 328
Saratoga Springs, NY 12866

**FOR THE DEFENDANTS:**
_John Connell_
Hiscock, Barclay Law Firm               JOHN M. NICHOLS, ESQ.

One Park Place
300 South State Street
Syracuse, NY 13202-2078

*Janice Connell*
Ganz, Wolkenbreit Law Firm          ROBERT E. GANZ, ESQ.
1 Columbia Circle
Albany, NY 12203

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff USAA Investment Management Company (USAA)

commenced this statutory interpleader action pursuant to 28 U.S.C.

§§ 1335 and 2361, naming defendant John Connell and defendant and

cross/counter claimant Janice Connell as adverse claimants. (Compl., Dkt.

No. 1.) Pending are USAA and John's motions to dismiss the complaint,

amended counterclaim, and crossclaim pursuant to Fed. R. Civ. P.

12(b)(1), (6) and 12(c). (Dkt. Nos. 22, 23.) For the reasons that follow, the

motions are granted.

### II. Background[1]

---

[1] Because these motions are, in part, made pursuant to Rule
12(b)(1), the court will refer to and consider "evidence outside the
pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

USAA, a Texas financial services company, and the purported

stakeholder here, held assets from an Individualized Retirement Account

(IRA),[2] which was previously owned by decedent Owen Connell—John's

father and Janice's ex-husband.  (Compl. ¶¶ 1, 2, 6, 7, 8.)  While the

primary beneficiary designated on the IRA is Janice, by letter dated May 5,

2013, John instructed USAA not to transfer the funds to Janice, because,

according to John, Janice's rights to the IRA were revoked when Owen and

Janice's divorce was finalized in 2002.  (*Id.* ¶¶ 8, 10.)  On May 17, 2013,

USAA received a letter from Janice's attorney, asserting that Janice was

entitled to the funds.  (*Id.* ¶ 11; Dkt. No. 24, Attach. 1 at 16.)  As a result,

USAA believed that it may be subject to adverse claims for the same IRA

from both John and Janice.  (Compl. ¶ 12.)

On August 2, 2013, under the belief that it had not yet disbursed the

---

"[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).

[2] Although the parties have not filed documentary evidence, the parties do not appear to dispute that the value of the IRA was not more than $58,000.  (Dkt. No. 22, Attach. 1 at 4; Dkt. No. 24 ¶¶ 12, 25, 26; Dkt. No. 26 at 4.)

funds, USAA filed its complaint in interpleader, seeking to deposit the disputed funds with the face value of the IRA into the court's registry, or to provide a bond made payable to the Clerk of the Court, and, in turn, be granted an order restraining defendants from instituting further proceedings against USAA.  (*Id.* at 4.)  In the alternative, USAA sought a declaration as to which defendant is entitled to the funds, or a declaration that neither defendant is entitled to the funds.  (*Id.*)  John filed an answer, (Dkt. No. 9), and Janice filed an answer, (Dkt. No. 11), a crossclaim, and an amended counterclaim, (Dkt. No. 16), seeking a judgment declaring her to be the proper beneficiary and ordering USAA to pay her the disputed funds, (*id.*).

After initiating this action, USAA discovered that, prior to filing its complaint in interpleader, it paid the disputed funds to Jeremy Connell, another child of Owen Connell.  (*Id.* ¶¶ 16-19; Dkt. No. 22, Attach. 1 at 2; Dkt. No. 25 at 3 n.2.)  USAA and John then filed motions to dismiss, primarily arguing that the court lacks subject matter jurisdiction.  (Dkt. Nos. 22, 23.)  Janice opposes both motions.  (Dkt. No. 24.)

### III.  **Standard of Review**

The standards of review under Rules 12(b)(1) and 12(b)(6), which are "substantively identical," *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d

Cir. 2003), are well settled and will not be repeated.  For a full discussion of those standards, the parties are referred to the court's decisions in *Unangst v. Evans Law Associates, P.C.*, 798 F. Supp. 2d 409, 410 (N.D.N.Y. 2011), and *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), respectively.

## IV.  Discussion

Despite the peculiar procedural posture of this case—plaintiff and one defendant seeking dismissal, while another defendant fights to remain in federal court—the question presented is relatively simple: whether there is any basis for subject matter jurisdiction, be it statutory interpelader, diversity, or federal question.

USAA and John argue that, because USAA never had possession of the disputed funds, the court never had—and still lacks—interpleader jurisdiction; they also argue that there is no alternative basis providing subject matter jurisdiction.  (Dkt. No. 22, Attach. 1 at 3-4; Dkt. No. 23, Attach. 2 at 4-6; Dkt. No. 26 at 1-6.)  Janice contends that, even without possession of the funds, the court has interpleader jurisdiction, or, in the alternative, the court has either diversity or federal question jurisdiction. (Dkt. No. 24, Attach. 2 at 5-10.)  The court agrees with USAA and John that

subject matter jurisdiction is lacking.

## A.     Interpleader Jurisdiction

"To obtain jurisdiction under the interpleader statute, two of the interpleader defendants must be of different citizenship and the stake at issue must be worth at least $500." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 338 F.3d 119, 124 (2d Cir. 2003) (citing 28 U.S.C. § 1335(a)). Moreover, "courts in the Second Circuit have consistently followed the rule that a deposit or a bond is a jurisdictional prerequisite for statutory interpleader relief." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 396 (S.D.N.Y. 2006); *see Metal Transp. Corp. v. Pac. Venture S.S. Corp.*, 288 F.2d 363, 365 (2d Cir. 1961) ("[T]he court will not have jurisdiction in an action of interpleader unless the stakeholder has deposited *the entire sum in its possession* which the claimants claim." (emphasis added)).

Here, it is undisputed that USAA did not possess the funds at issue at the time that it commenced the action, and has neither made a deposit nor issued a bond in the full amount of the sum in dispute with the court. (Dkt. No. 16 ¶¶ 16-19; Dkt. No. 22, Attach. 1 at 2.) USAA, therefore, has not satisfied the jurisdictional prerequisites for interpleader jurisdiction. *See*

6

*Correspondent Servs.*, 338 F.3d at 124 ("As it is undisputed that CSC

possessed only the physical CD, which had no value when CSC brought

suit, statutory interpleader did not provide a basis for jurisdiction over this

action."); *Lincoln Nat'l Life Ins. Co. v. Barton*, 250 F.R.D. 388, 389-90 (S.D.

Ill. 2008) (holding that the court did not have jurisdiction over insurance

company's interpleader action where insurance company paid out the

disputed proceeds before commencing the action).  Accordingly, statutory

interpleader does not provide a basis for subject matter jurisdiction. [3]

## B.    Diversity Jurisdiction

As relevant to the current motions, diversity jurisdiction exists "where

the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between . . . citizens of different States."  28

U.S.C. § 1332(a)(1).  Furthermore, it is well established that the party

---

[3] Janice cites *Lee v. West Coast Life Insurance Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) as her only support for the proposition that the court has interpleader jurisdiction, despite the fact that USAA neither retains possession of the funds at issue nor deposited the funds or a bond with the court.  (Dkt. No. 24, Attach. 2 at 5.)  The nonbinding dicta on which Janice relies, however, is wholly inapplicable here.  Indeed, in *Lee*, the stakeholder *did* deposit the funds at issue with the court, thus satisfying the jurisdictional prerequisite, and there was no discussion of whether the court had subject matter jurisdiction.  *See Lee*, 688 F.3d at 1007-08. Thus, her argument is unavailing.

seeking to invoke diversity jurisdiction bears the burden of demonstrating

that the grounds for diversity exist, that diversity is complete, and that the

jurisdictional amount in controversy is met.  *See Mavrommatis v. Carey*

*Limousine Westchester, Inc.*, 476 F. App'x 462, 467 (2d Cir. 2011); *Herrick*

*Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-32 (2d Cir. 2001).

Moreover, where, as here, "no amount [in controversy] is alleged in the

complaint,[4] . . . it is the burden of the party seeking the court's jurisdiction

to establish by a reasonable probability that the amount is over the

threshold."  *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 296

(E.D.N.Y. 2005) (citing *United Food & Commercial Workers Union, Local*

*919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298,

301 (2d Cir. 1994)).

Here, the burden of establishing the grounds for diversity jurisdiction

rests with Janice, the party invoking diversity jurisdiction.  While the

diversity of the parties is not at issue,[5] whether the amount in controversy

---

[4] In its interpleader complaint, USAA simply stated that the "[t]he interpled funds are in excess of $500."  (Compl. ¶ 4.)

[5] It is undisputed that: (1) USAA is a Texas corporation with its principal place of business in Texas; (2) John is a resident of South Carolina; and (3) Janice is a resident of New York.  (Compl. ¶¶ 1, 2, 3.)

exceeds $75,000 is disputed.  Nowhere in Janice's amended counterclaim, however, does she quantify the amount in controversy.  (Dkt. No. 16.) Further, although there are no documents in the record, or allegations in the complaint or other pleading, stating the precise amount of funds in the IRA, the parties seemingly agree that the value of the IRA was not more than $58,000, well below the $75,000 threshold.  (Dkt. No. 22, Attach. 1 at 4; Dkt. No. 24 ¶¶ 12, 25, 26; Dkt. No. 26 at 4.)

Nevertheless, Janice contends that, "assuming that the [IRA] fund is only $58,000," the amount in controversy exceeds $75,000 because: (1) her attorneys' fees will be at least $30,000; and (2) USAA may face "double exposure."  (Dkt. No. 24 ¶ 26; Dkt. No. 24, Attach. 2 at 6-7.)  These arguments, however, are meritless.  First, "[a]ttorneys' fees are generally excluded from the calculation of the amount in controversy for diversity jurisdiction, unless they are recoverable as a matter of right pursuant to a contract or a statute." *Adam Developers Enters., Inc. v. Arizon Structures Worldwide, Inc.*, No. 13-CV-261, 2013 WL 5532752, at *2 (E.D.N.Y. Sept. 30, 2013) (citing *Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972), *vacated on other grounds*, 409 U.S. 56 (1972)).  Aside from her own speculation, Janice has not cited, and the court has not found, a statute or

9

contract rendering attorneys' fees recoverable as a matter of right here. Thus, the court will not consider attorneys' fees in determining whether the amount in controversy is over $75,000.

Second, Janice's further speculation that USAA will be subject to double exposure is equally unavailing. Even if John was claiming entitlement to the IRA funds, which he maintains he is not, (Dkt. No. 23, Attach. 2 at 5-6), the separate and distinct claims of individual claimants cannot be aggregated to satisfy the jurisdictional amount requirement of diversity jurisdiction. *See Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1422-23 (2d Cir. 1997). Accordingly, Janice has failed to establish by a reasonable probability that the amount in controversy is over the threshold requirement of $75,000. Thus, the court is not satisfied that diversity jurisdiction exists.

## C. Federal Question Jurisdiction

Finally, a court may have federal question jurisdiction "where the action 'aris[es] under the Constitution, laws, or treaties of the United States.'" *Ulloa v. Mid Hudson Valley Fed. Credit Union*, Nos. 1:10-cv-132, 1:10-cv-356, 1:10-cv-345, 2011 WL 66050, at *2 (N.D.N.Y. Jan. 10, 2011) (quoting 28 U.S.C. § 1331).

Here, Janice contends that, if the court were to determine that the IRA is considered a "pension and retirement benefits plan" under N.Y. E.P.T.L. § 5-1.4, then the court has jurisdiction under the Employee Retirement Income Security Act[6] (ERISA) over her counterclaim that USAA breached its fiduciary duty to her.  (Dkt. No. 24, Attach. 2 at 10.)  This meritless argument, however, warrants little discussion; "[c]ourts have repeatedly held that ERISA does not apply to IRAs."  *Williams v. U.S. Dep't of Treasury I.R.S.*, No. 07-CV-212C, 2013 WL 7121192, at *9 (W.D.N.Y. Jan. 29, 2013) (citing *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910, 913 (2d Cir. 1987); *Grund v. Del. Charter Guar. & Trust Co.*, 788 F. Supp. 2d 226, 236 (S.D.N.Y. 2011)).

Accordingly, this is not the circumstance in which, despite dismissal of the central claim, the counterclaim alleges facts that would permit a judgment for the counterclaimant, *see Lincoln*, 250 F.R.D. at 390, and Janice has failed to establish federal question jurisdiction.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that USAA's motion to dismiss (Dkt. No. 22) is

---

[6] *See* 29 U.S.C. §§ 1001-1461.

**GRANTED**; and it is further

ORDERED that John Connell's motion to dismiss (Dkt. No. 23) is

**GRANTED**; and it is further

ORDERED that Janice Connell's crossclaim (Dkt. No. 11) and

amended counterclaim (Dkt. No. 16) are **DISMISSED**; and it is further

ORDERED that USAA's complaint (Dkt. No. 1) is **DISMISSED**; and it

is further

ORDERED that the Clerk close this case; and it is further

ORDERED that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

May 22, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

12